# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

KELLY BRYANT and
HOLLIE BRYANT,

      Plaintiffs,

v.

SAGAMORE INSURANCE COMPANY,

      Defendant.

Case No. CIV-13-240-RAW

## ORDER & OPINION

Plaintiffs Kelly Bryant and Hollie Bryant (hereinafter referenced individually as "Kelly" and "Hollie") brought this action against Defendant Sagamore Insurance Company (hereinafter "Sagamore") on May 31, 2013 seeking damages for breach of contract and bad faith. Nearly a year later, after this case has been zealously litigated and is less than a month from trial, before the court is Kelly's motion for an order dismissing his claims against Defendant without prejudice [Docket No. 101].[1] Sagamore opposes the motion.

The court grants such a dismissal when there is no "legal prejudice to the defendant." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). In determining whether a defendant will suffer legal prejudice, the court looks to all relevant factors, including the following non-exhaustive list of factors provided by the Tenth Circuit: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Id. The court

---

[1]Kelly informs the court that he approached Sagamore with two options: (i) a dismissal of his claims against Sagamore with prejudice provided that each party is responsible for his/its own costs and attorneys' fees, or (ii) a dismissal without prejudice provided that should Kelly refile against Sagamore, he be required to pay Sagamore's costs and fees. Sagamore declined the offer.

endeavors "to insure substantial justice is accorded to both parties." Id. The court, therefore, considers "the equities not only facing the defendant, but also those facing the plaintiff." Id. In determining whether to grant the dismissal, the court does not consider its own "time or effort spent on the case." Id.

Kelly states that he seeks the dismissal without prejudice of his claims against Sagamore because after the court's rulings on the motions in limine, he believes the costs of further litigating his claims against Sagamore will exceed his compensatory damages. He further states that he believes his dismissal will streamline the issues before the court and reduce the issues to be tried. Kelly proposes that a curative condition be imposed requiring him to pay Sagamore's costs and attorneys' fees of this action before he is allowed to refile. He also notes that he has no intention of refiling.

As Sagamore notes, the first and fourth of the Ohlander factors – the opposing party's effort and expense in preparing for trial and the present stage of litigation – do not require lengthy discussion. A pretrial conference was held on March 20, 2014. A second pretrial conference is scheduled for April 24, 2014, and trial is set to commence in May. The existing briefing before this court confirms the substantial time and effort spent by both parties in discovery, briefing and pretrial preparation.

As to the second and third factors – excessive delay and lack of diligence on the part of the movant and insufficient explanation of the need for a dismissal – Kelly states that the rulings this court made on March 20, 2014 are the reason he seeks dismissal at this late stage of litigation. He states that after those rulings, he believes the costs of further litigating his claims

against Sagamore will exceed his compensatory damages.[2] This is not sufficient reason for his delay in requesting a dismissal nor for his need for a dismissal. Federal Rule of Civil Procedure 41(a)(2) does not exist so that a plaintiff may dismiss an action to avoid costs and fees when pretrial evidentiary rulings are not rendered in his favor. Similarly, "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." Phillips USA, Inc. v. Allflex, USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).

Kelly argues that this court granted a plaintiff's motion for voluntary dismissal in another case before it and that the curative conditions he proposes are more onerous. That case involved one plaintiff, and the court imposed condition was that if it was refiled, the litigation would pick up where it left off, at the summary judgment stage with the plaintiff's response due within fourteen days of the refiling. This case has two plaintiffs. While Kelly states that he has no intention of refiling, a dismissal without prejudice would afford him the opportunity to change his mind. Sagamore would possibly have to defend at trial twice. Even if Kelly voluntarily paid Sagamore's defense costs and fees from this action upon refiling,[3] Sagamore would not have the benefit of finality after this action is concluded. The court has taken into account the equities facing all parties, and will not subject Sagamore to such prejudice.

---

[2]Among several evidentiary rulings, the court ruled on March 20, 2014 that Plaintiffs' motion for summary judgment was denied as to the bad faith claims. The court did not rule on Sagamore's summary judgment motion with regard to the bad faith claims, but hinted that it may be granted.

[3]Given Kelly's argument in the current motion that Sagamore's "defenses to Kelly Bryant's claims are exactly the same as its defenses to Hollie Bryant's claims," the court doubts Kelly would voluntarily pay Sagamore's costs and fees from this action upon refiling without a fight over which costs and fees were attributable to him.

Accordingly, Kelly's motion for a dismissal without prejudice [Docket No. 101] is hereby DENIED.

IT IS SO ORDERED this 15th day of April, 2014.

**Dated this 15th day of April, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma