# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KELLY BRYANT and
HOLLIE BRYANT,

    Plaintiffs,

v.

SAGAMORE INSURANCE COMPANY,

    Defendant.

Case No. CIV-13-240-RAW

## **ORDER**

On April 23, 2014, the court entered Judgment in favor of Defendant, dismissing this action. On May 15, 2014, Plaintiffs filed a notice of appeal from that final judgment. Now before the court are Defendant's application for attorneys' fees and non-taxable costs [Docket No. 122] and Plaintiffs' motion for a stay of the attorneys' fees and non-taxable costs issues pending their appeal from the final judgment [Docket No. 129].

### *Stay Pending Appeal*

A motion for attorneys' fees is "'collateral to and separate from' the decision on the case's merits." Graham v. Hartford Life and Accident Ins. Co., 501 F.3d 1153, 1163 n. 11 (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988). "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, . . . the district court retains jurisdiction over 'collateral matters not involved in the appeal.'" Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations omitted). "Attorney's fees awards are collateral matters over which the district court retains jurisdiction." Id.

In determining whether to grant the stay, the court considers whether: (1) Plaintiffs have made a strong showing that they are likely to succeed on the merits; (2) Plaintiffs will be irreparably injured absent a stay; (3) issuance of a stay will substantially injure Defendant or any other parties interested in the action; and (4) the public interest is in granting or denying the stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

If a party seeking a stay establishes "that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed." F.T.C. Mainstream Marketing Services, Inc., 345 F.3d 850, 852 (10th Cir. 2003). In that case, the first factor is satisfied if the movant has raised on appeal "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Id. at 852-83 (citing Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1246-47 (10th Cir. 2001)).

The court, therefore, begins with the three "harm" factors. As to the second factor, Plaintiffs will not be irreparably injured absent a stay. As Plaintiffs note in their motion, if the stay is not granted, they will "simply post a bond in order to obtain a stay on appeal." In fact, rather than be irreparably injured, Plaintiffs will be better served if the stay is denied. If their pretrial activities are any indication, Plaintiffs are most certainly expending ample time and resources on the pending appeal. If the court decides the attorneys' fees and non-taxable costs issues now, either party can appeal those issues, adding them to the pending appeal. This will relieve Plaintiffs from expending additional time and resources on a second appeal if they are unsuccessful in the current appeal and either party appeals the court's ruling on attorneys' fees and non-taxable costs.

For the same reasons, an issuance of a stay will substantially injure Defendant, as Defendant would also have to expend ample time and resources on a second appeal in the event it is successful in the current appeal and either party appeals as to attorneys' fees and non-taxable costs. For these reasons, it is clear that judicial economy and the public interest also lean in favor of denying the stay so that any appeal may be joined with the appeal of the case now pending before the Tenth Circuit.

All three "harm" factors lean toward denying the stay. This may be enough to deny the stay. Nevertheless, the court also finds as to the first factor that Plaintiffs have not made a strong showing that they are likely to succeed on the merits. While Plaintiffs argue that they have raised novel issues of law, the fact remains that Defendant did not breach the contract when it denied coverage. Even if the named driver exclusion was not valid, Kelly Bryant failed to cooperate with Defendant in violation of his policy. The court believes it is unlikely that Plaintiffs will succeed on the merits. For these reasons, the motion to stay is denied.

*Attorneys' Fees and Non-taxable Costs*

A prevailing party is not ordinarily entitled to attorneys' fees, but an exception to this rule is when a statute provides otherwise. Bennett v. Coors Brewing Co., 189 F.3d 1221, 1238 (10th Cir. 1999)(citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). Defendant seeks an award of reasonable attorneys' fees in the amount of $80,894.00 and non-taxable costs in the amount of $410.43 incurred since its offer of judgment to Plaintiffs for $5000.00 on March 11, 2014. Defendant argues it is entitled to these fees and costs pursuant to

12 OKLA. STAT. § 1101.1(B),[1] which provides in pertinent part:

> 1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statute, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:
>    a. a written acceptance or rejection of the offer, or
>    b. a counteroffer of judgment, as described in paragraph 2 of this subsection.
> If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.
>
> * * *
>
> 3. If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant with respect to the action or the claim or claims included in the offer of judgment <u>from and after the date of the first offer of judgment</u> which is greater than the judgment until the date of the judgment.

12 OKLA. STAT. § 1101.1(B)(1) and (3) (emphasis added).

Plaintiffs contend that Defendant is not entitled to fees because the offer of judgment was not apportioned between the two Plaintiffs. Instead, Defendant offered $5,000 total to both Plaintiffs for the entire case.[2] Plaintiffs never provided Defendant or the court with separate

---

[1] Defendant notes that it did not request fees pursuant to Fed. R. Civ. P. 68 because that rule only applies when judgment is entered in favor of a plaintiff in an amount less than an offer of judgment. Rule 68 does not apply when judgment is entered in a defendant's favor. Marx v. General Revenue Corp., 668 F.3d 1174, 1182 (10th Cir. 2001)(citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).

[2] On March 19, 2014, Plaintiffs filed a motion to clarify an offer of judgment they had received from Defendant. They argued it was facially ambiguous and confusing, as it did not indicate if it was directed at Plaintiff Kelly, Plaintiff Holly or both. At a pretrial conference and motions hearing the next day, the court addressed the motion to clarify, and defendant confirmed

4

amounts of damages sought by each in accordance with Fed. R. Civ. P. 26(a)(iii).[3]

In Haddock v. Woodland Park Home, Inc., 90 P.3d 594 (Okla. Civ. App. 2004), a husband and wife sought damages – the wife for personal injuries, her husband for loss of consortium. The defendant made an offer of judgment that was not apportioned between the plaintiffs. The Oklahoma Civil Court of Appeals ruled that the one judgment amount directed to both plaintiffs expressly requiring the plaintiffs to accept the judgment together was invalid. Haddock, 90 P.3d at 597. "Otherwise, an individual plaintiff cannot independently weigh the risks and benefits of the offer against the judgment that may be obtained for that plaintiff." Id. (citation omitted).

If joint offers of judgment were allowed, "then courts would be faced with litigation over the proper allocation of the costs order between various plaintiffs who may have sought different amounts of damages." Id. (citation omitted). Additionally, "[c]larity requires separate offers to each plaintiff (or to 'any plaintiff' as the statute provides)." Id. at 598.

The United States District Court for the Northern District of Oklahoma also addressed this issue and concluded that an unapportioned offer was valid that was made to a husband and wife who had no conflict of interest, held an undivided joint interest in a breach of contract claim, and were represented by the same attorney. Scottsdale Ins. Co. v. Tolliver, 262 F.R.D. 606, 616 (N.D. Okla. 2009).

---

that the offer of $5,000 was directed at both Plaintiffs for the whole case. The court then allowed counsel to step outside the courtroom and discuss the offer of judgment. When they returned, Plaintiffs' counsel stated that he had the clarification he sought.

[3]On August 15, 2013, Plaintiffs disclosed they were seeking $2,988,916.23. Docket No. 19, p. 3. On March 3, 2014, Plaintiffs disclosed they were seeking $2,294,458.00. Docket No. 67, p. 6. Plaintiffs never disclosed damage amounts apportioned between them.

5

In an unpublished opinion, the Tenth Circuit has ruled with regard to a Rule 68 offer that an unapportioned offer was valid that was made to a single family represented by one attorney claiming damages arising from the same set of facts. Roska v. Sneddon, 366 Fed.Appx. 930, 941 (10th Cir. 2010). The Circuit Court reasoned that "[u]nder these circumstances, the failure to apportion the offer does not create a 'potential [for] derivative litigation' over its division or the associated costs and attorney's fees." Id.

In Roska, the plaintiffs did not seek clarification of the offer and did not state the offer "was rejected because they could not assess its applicability to the individual claims." Id. at 942. The Tenth Circuit concluded that the plaintiffs "were in a position to determine the value of each family member's claim and intelligently assess the risks associated with rejecting the $5,000 offer."

Here, Plaintiffs never disclosed their individual damages. Plaintiffs stated in their response to Defendant's motion for summary judgment, however, that Plaintiff Hollie "suffered embarrassment and mental pain," and Plaintiff Kelly "incurred financial loss." Plaintiffs' shared one attorney. They are father and daughter. Plaintiffs sought and attained clarification of the offer of judgment.

Under the rationale discussed in each of the three cases noted above, the court finds that the offer of judgment was valid. The offer of judgment was clear – $5,000 for both Plaintiffs for the entire case. Plaintiffs never disclosed their individual damages and were in the best position to determine their damages. They shared one attorney. In these circumstances, the failure to apportion the offer does not create the potential for derivative litigation over its division.

Accordingly, the motion for attorneys' fees and non-taxable costs is granted in part.

Defendant shall provide the court with detailed time records no later than September 12, 2014, after which the court will determine the amount of the award.

*Conclusion*

The motion for a stay pending appeal [Docket No. 129] is hereby DENIED. The motion for attorneys' fees and non-taxable costs [Docket No. 122] is hereby GRANTED IN PART at this time. Defendant shall provide the court with detailed time records no later than September 12, 2014. The court will then determine the amount of the award.

IT IS SO ORDERED this 28th day of August, 2014.

**Dated this 28th day of August, 2014.**

*[signature]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma