# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KELLY BRYANT and
HOLLIE BRYANT,

       Plaintiffs,

v.

       Case No. CIV-13-240-RAW

SAGAMORE INSURANCE COMPANY,

       Defendant.

## ORDER

Before the court is Plaintiffs' motion for judicial review of order taxing costs [Docket No. 144]. Plaintiffs request that the court exercise its discretion[1] and set aside the order taxing costs arguing that: (1) Plaintiffs are indigent; (2) Sagamore's payment of the policy limits after months of litigation predicated upon its failure to do so; (3) the case was complex and close; and (4) Kelly Bryant attempted to dismiss his action.

For purposes of this motion, the court accepts that Plaintiffs have a low income.[2] As the court has previously ruled, Plaintiffs' are mistaken in their second argument. Sagamore paid the policy limits to Cuba Lawrence not because Plaintiffs were owed coverage, but because a recent Oklahoma Supreme Court opinion revealed that Mr. Lawrence was likely entitled to payment as

---

[1]District courts have discretion to grant or deny costs to a prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Zeran v. Diamond Broadcasting, Inc., 203 F.3d 714, 721-22 (10th Cir. 2000). The court's discretion is limited, however, in that: (1) Rule 54 "creates a presumption that the district court will award costs to the prevailing party," and (2) "the district court must provide a valid reason for not awarding costs." Id. at 722.

[2]Plaintiffs assert that Kelly Bryant supports seven people, including four minors, on a monthly household income of approximately $3068. Hollie Bryant relies on her father for support.

an innocent third party whether or not Plaintiffs were covered under the Policy. The payment did not establish a breach.

As to Plaintiffs' third argument, this was not a close case. While there was a question as to whether the named driver exclusion was enforceable after the decision in Mulford v. Neal, 264 P.3d 1173 (Okla. 2011), at the time of the denial of coverage, it was valid. Thus, there was no breach. More importantly, Kelly Bryant failed to cooperate with Sagamore in its investigation of the claim, thereby negating any coverage under the Policy. Thus, there was no breach even if Mulford negated the named driver exclusion. As to Plaintiffs' fourth argument, Kelly Bryant attempted to dismiss this action, but only on terms that were unfavorable to Sagamore after Sagamore had expended significant time and costs defending the action.

Plaintiffs also note that the court should consider the fact that the costs in this action are considerably higher than the costs in cases cited by Sagamore. As Sagamore points out, "to deny a prevailing party its costs 'is in the nature of a severe penalty,' such that there 'must be some apparent reason to penalize the prevailing party if costs are to be denied.'" Marx v. General Revenue Corp., 668 F.3d 1174, 1182 (10th Cir. 2011). The higher costs here would mean a more severe penalty. Plaintiffs have offered no valid reason the court should penalize Sagamore. While the court has taken into account Plaintiffs' low income, there is no valid reason to deny costs and penalize Sagamore. Accordingly, the motion to set aside the order taxing costs [Docket No. 144] is DENIED.

IT IS SO ORDERED this 11th day of December, 2014.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

2